IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE FRANKLIN, #664409, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-1830-K (BK) | |
| § | | |
| BOARD OF PARDONS AND PAROLES, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

This is a *pro se*, *in forma pauperis* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice at the Allred Unit in Iowa Park, Texas. Respondent is the Texas Board of Pardons and Parole ("the Board"). The court did not issue process in this case.

In 1993, Petitioner pled guilty to possession of a controlled substance and was sentenced to 25 years' imprisonment. *See State v. Franklin*, No. F93-64359 (Criminal District Court No. 5, Dallas County, Nov. 4, 1993). Petitioner did not appeal.

In his federal habeas petition, Petitioner challenges procedures used by the Board in determining his minimum sentence expiration dates. He alleges the Board violated his First Amendment, and other unspecified constitutional, rights when it "charged him with a minimum

expiration date and name that does not exist," and submitted an "inmate timeslip containing negative entries reducing his chances for parole." (Doc. #1 at 7.)

On September 17, 2010, the magistrate judge issued a questionnaire to Petitioner inquiring whether he had exhausted his state court remedies. Petitioner filed his response on September 30, 2010. (Doc. #6.)

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. In response to the magistrate judge's questionnaire, Petitioner did not indicate that he had ever filed a state habeas application under article 11.07 raising the same claims he raises here. (Doc. # 6 at 1.) Through review of the

Dallas County and Court of Criminal Appeals websites, this court confirmed Petitioner's failure to exhaust his state court remedies. Having failed to exhaust, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.[1]

In his memorandum in support, Petitioner references 42 U.S.C. § 1983 as an alternative basis to challenge the Board's procedures to determine his minimum expiration date. Petitioner notes that there has been a great deal of confusion in the case law over the remedy available to an inmate challenging parole procedure. (*See* Doc. #2 at 4-5.) Petitioner cites *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005). In the latter case, the Supreme Court held that state prisoners' challenges to constitutionality of their parole-eligibility proceedings and parole-suitability proceedings were not collateral attacks on the duration of their confinement required to be raised in habeas corpus proceeding. *Wilkinson*, 544 U.S. at 82. In that case, the prisoners sought relief that would invalidate state procedures used to deny parole eligibility and parole suitability, however, neither sought an injunction ordering his immediate or speedier release into the community. *Id.* at 77.

Liberally construing Petitioner's memorandum in support of the petition as also raising a section 1983 claim, such claim should be severed and addressed separately. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (where a habeas petition contains both habeas claims and civil rights claims brought pursuant to 42 U.S.C. § 1983, the district court should sever the section 1983 claims and address them); *see also Nubine v. Thaler*, 2010 WL

---

[1] To the extent Petitioner seeks to challenge a time credit claim, he may need to resort first to the procedure outlined in Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2010) before filing a state habeas application.

3681033 (5th Cir. Sep. 13, 2010) (unpublished *per curiam*) (in habeas corpus case in which the district court did not sever the section 1983 claims, the Fifth Circuit vacated the judgment dismissing the section 1983 claims and remanded the civil rights claims for further proceedings).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus relief be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

It is further recommended that Petitioner's civil rights claims, raised in the memorandum in support, be **SEVERED** and **FILED** as a new 42 U.S.C. § 1983 action.

SIGNED on October 19, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE